**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GLENN ACON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:12-cv-135-JMS-WGH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Directing Further Proceedings**

**I.**

**A.**

The plaintiff's motion for court appointed attorney has been considered.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it themselves. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because he has and will have a meaningful opportunity to present his claim, he has demonstrated familiarity with his claims and the ability to present them. Having considered the complexity of the plaintiff=s claims and his ability to litigate his case, this is not a case in which at present it is appropriate to seek representation for the plaintiff.

Based on the foregoing, the plaintiff's motion for appointment of counsel [6] is **denied.**

**B.**

The plaintiff's request to proceed *in forma pauperis* is granted.

**C.**

The plaintiff's motion for temporary injunctive relief [1] is denied because the court has not yet screened the complaint as required by 28 U.S.C. § 1915A(b), because the defendants against whom viable claims are asserted have not yet been served with process, and because the issuance of the requested injunctive relief would at this point be contrary to the restraint required in such circumstances by both legislative and judicial directives. *See, e.g., Westefer v. Neal,* 2012 WL 2017967 (7th Cir. June 6, 2012),

**II.**

Subject matter jurisdiction relates to the court's power to adjudicate a case. *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010); *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

The plaintiff shall also have through July 2, 2012, in which to identify the jurisdictional basis for his claim against each of the defendants. This report shall include a complete statement of what specific relief is sought from each of the defendants.

**IT IS SO ORDERED**.

Date: 06/13/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Glen Acon
#15217-041
Terre Haute – USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN  47808