## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GLENN ACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-135-JMS-WGH |
| | ) | |
| MR. CHARLES E. SAMUELS, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Amended Complaint
## and Directing Further Proceedings

Glenn Acon is a prisoner at the United State Penitentiary in Terre Haute, Indiana. Acon alleges that the defendants have been deliberately indifferent to his serious medical needs. He seeks declaratory judgment, injunctive relief and money damages. His claims are necessarily brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

"[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States."[1] "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[3]"

Applying the foregoing principles to Acon's complaint, claims against Charles Lockett, Charles Samuels, Jr., A. Rupska, and Kimberly Klink are dismissed as legally insufficient because these officials are not alleged to have had personal involvement in the treatment of Acon's condition or the denial of medication or treatment sought by him.[4]

---

[1] *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).
[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).
[3] *Id.*
[4] *See Hayes v. Snyder,* 546 F.3d 516,  527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

The clerk is directed to terminate the United States of America and H.G. Church as defendants on the docket because they were not named as defendants in the amended complaint.

Claims against Ms. J. Beighley and Ms. Z. Ndife shall proceed as submitted.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Beighley and Ndife. Process shall consist of a summons. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint and a copy of this Entry, on these defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States. <u>Personal service is required</u>.

**IT IS SO ORDERED.**


Date: 09/18/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

GLENN ACON
15217-041
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

---

officials on questions of prisoners' medical care is a sound one."); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).