## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| GLENN ACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:12-cv-135-JMS-WGH |
| | ) | |
| MS. S. BEIGHLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Motion for Summary Judgment

In this action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), plaintiff Glenn Acon alleges that the defendants have been deliberately indifferent to his serious medical needs. The defendants move for summary judgment arguing that Acon failed to exhaust his available administrative remedies with respect to these claims. Acon has not responded.

### I. Standard of Review

Summary judgment should be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.@ *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Acon has not responded to the defendants' motion for summary judgment. The consequence of these circumstances is that he has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

## II. Discussion

### A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Acon as the non-moving party with respect to the motion for summary judgment.

Acon is a federal inmate housed at the United States Penitentiary in Terre Haute, Indiana. He alleges in this case that the defendants were deliberately indifferent to his serious medical needs.

The Federal Bureau of Prisons ("BOP") has promulgated an administrative remedy system applicable to Acon's claims. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to then address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issue or issues properly raised therein. Following exhaustion at all three administrative levels, the inmate

may file a civil action in the proper United States District Court with respect to these issues.

All codified BOP Program Statements are available for inmate access via the institution law library. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at the Federal Correctional Center in Terre Haute.

Acon has submitted several administrative remedies to staff regarding his medical treatment. As to the remedy requests related to his medical care in 2012 (remedies pre-dating the date the complaint was filed), Acon initiated Remedy Number 678254 on March 1, 2012, regarding wanting to see a doctor about "meds/psych," but did not pursue it beyond the Regional level to the Central Office level. Acon also initiated Remedy Number 678256 on the same day, March 1, 2012, again about wanting to see a doctor. This request was untimely and not properly presented at the Regional or Central Office level and was therefore rejected, a decision that Acon did not further appeal or pursue. On September 21, 2012, Acon initiated Remedy Number 705781, regarding receiving copies of his medical records, which is not an allegation against the defendants in this case. Nevertheless, Acon did not pursue this remedy past the Institution level.

### B. *Analysis*

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, it is undisputed that while Acon submitted administrative remedy requests regarding his medical care, he did not pursue any of these remedy requests through each step required by the BOP. Because he failed to submit his remedy requests in the place and time required by the BOP, he has failed to exhaust his available administrative remedies. *See Dale*, 376 F.3d at 655. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Acon's claims should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' motion for summary judgment [dkt. 29] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

GLENN ACON
15217-041
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808